Adam T. Boumel, SBN 302788
Adam@roussolawfirm.com
Attorney for Plaintiff
THE ROUSSO, BOUMEL LAW FIRM PLLC
9350 S. Dixie Hwy, Suite 1520
Miami, FL 33156
Telephone: 305-670-6669
Fax: 305-670-6669

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MILES PARKS MCCOLLUM** professionally known as **LIL YACHTY,** <br><br> Plaintiff, <br> v. <br><br> **OPULOUS,** a foreign entity, and **DITTO LTD, d/b/a DITTO MUSIC,** a foreign entity, and **LEE JAMES PARSONS,** a citizen of a foreign country. <br><br> Defendants. <br> _____ / | **CASE NO:** <br><br> **COMPLAINT FOR:** <br><br> **1) FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114** <br><br> **2) FEDERAL UNFAIR COMPETITION AND FALSE REPRESENTATION OF AFFILIATION, 15 U.S.C. § 1125 (a)** <br><br> **3) VIOLATION OF CALIFORNIA STATUTORY RIGHT OF PUBLICITY CIVIL CODE § 3344** <br><br> **4) VIOLATION OF THE CALIFORNIA COMMON LAW RIGHT OF PUBLICITY** <br><br> **5) UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, MILES PARKS MCCOLLUM, professionally known as LIL YACHTY, hereby sues the Defendants, OPULOUS, DITTO LTD., (hereinafter, "DITTO MUSIC"), and LEE JAMES PARSONS, (collectively, "Defendants"), and states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because the Plaintiff is a citizen of the State of Georgia and the Defendants are foreign entities and a foreign citizen. Additionally, this Court has subject matter jurisdiction pursuant to 28 U.S.CC. § 1332 (federal question) because Plaintiff is making claims for Federal Trademark Infringement pursuant to 15 U.S.C. § 1114 and for Federal Unfair Competition and False Representation of Affiliation pursuant to 15 U.S.C. 1125(a). Lastly, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because such claims are so closely related to the federal claim that they form a single case or controversy.

2. This Court has personal jurisdiction over Defendants, OPULOUS, DITTO MUSIC and LEE JAMES PARSONS, because, on information and belief, all Defendants (a) disseminated and distributed the tortious advertisements and publications within the State of California; (b) regularly transact and conduct business within the State of California, and/or (c) have otherwise made or established contacts within the State of California sufficient to permit the exercise of personal jurisdiction, including but not limited to maintaining employees and one or more officers in this jurisdiction.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction. Alternatively, venue in this jurisdiction is proper pursuant to 28 U.S.C. § 1391 (b)(2) because there is no other district which this action could otherwise be brought.

## NATURE OF THIS ACTION

4. This is an action for trademark infringement under the law of the United States (15 U.S.C. § 1114) unfair competition and false representation of affiliation under the law of the United States (15 U.S.C. § 1125(a)), violation of California's statutory right of publicity (Civil Code § 3344), violation of the California common law right of publicity, and for unlawful,

unfair, and fraudulent competition under California's Business and Professions Code § 17200.

5. In its most condensed version, the facts giving rise to this claim are as follows: Defendants, collectively, published numerous commercial advertisements and promotions and made multiple statements to the media falsely representing that Plaintiff, LIL YACHTY - who is an internationally acclaimed recording artist, style icon, brand ambassador and entrepreneur – was involved, affiliated, and connected with the launching and offering of Defendants' new products and services. In the publication of these commercial materials, Defendants utilized the name, trademark, and photograph of Plaintiff, all without Plaintiff's consent. Defendants then collectively and maliciously utilized the alleged affiliation and involvement of Plaintiff as their flagship artist partnership to successfully raise substantial venture capital funds (represented as over $6.5 million), yet never remitted any monies to Plaintiff.

**THE PARTIES**

**Plaintiff, Miles Parks McCollum, professionally known as Lil Yachty**

6. Plaintiff, Miles Parks McCollum, is an individual, sui juris, and is a resident of and is domiciled in Atlanta, Georgia.

7. Plaintiff is professionally known as Lil Yachty, and Plaintiff owns the U.S. federally registered trademark for the name "Lil Yachty", serial number 87029468, which was registered on June 20, 2017.  A true and correct copy of the registration certificate is attached here as "Exhibit A".

8. Plaintiff, who is referred to hereinafter as "LIL YACHTY", is an internationally acclaimed recording artist, singer, songwriter, rapper, actor, brand ambassador, style icon, and entrepreneur who, at only 24 years old, has achieved tremendous levels of success and fame.

9. Hailed as a "mogul" by Rolling Stone magazine and touted by the Guardian as being "one of the most recognizable faces in contemporary hip-hop", LIL YACHTY first rose to

prominence in the music industry in 2015 at the age of 17, and since that time has released four full length studio albums and three mixtapes, achieving both critical acclaim and substantial commercial success. Plaintiff's work has received numerous prestigious awards nominations, including for the Grammys, the Billboard Music Awards, and the MTV Video Music Awards.  As of the current date, 10.5 million listeners stream LIL YACHTY's music each month on Spotify, where well over a billion of his songs have been streamed in total. On YouTube, there are 2.6 million people who subscribe to Plaintiff's channel, where his music videos and other content have received over 915 million views. As a performer, LIL YACHTY routinely performs in front of sell-out crowds of tens of thousands of fans at concerts and music festivals.

10. Outside of his work as a musician and recording artist, LIL YACHTY has also  invested substantial time, energy, finances, and effort into building a respected and well recognized brand as well as a diverse portfolio of professional and commercial engagements. With a distinctive style and appearance that renders him instantly recognizable to tens of millions of people worldwide, LIL YACHTY has served as a brand ambassador and has appeared in commercials and promotions for such companies such as Sprite, Adidas, and Target. He is a creative designer for the hugely popular Nautica clothing company, where there is a line of clothing released under the LIL YACHTY brand name. Plaintiff has modeled for Kanye West's billion-dollar fashion line, Yeezy, and he has appeared in numerous feature length films as an actor, a voice actor, as well as in portrayals of himself. He has launched his own cryptocurrency, $YACHTY, which sold out in the first 21 minutes it went on sale. Plaintiff also has an extremely large social media presence, with over 10.4 million followers on Instagram, 5.4 million followers on Twitter, and 171 million likes on TikTok.

11. As a result of the foregoing, Plaintiff's name, trademark, likeness, identity, and persona have become widely known by a substantial segment of the public in the United States and internationally.

12. Plaintiff has selectively endorsed and partnered with, and continues to selectively endorse and partner with, a wide variety of products and services.

13. Plaintiff's name, trademark, likeness, identity, and persona have become, and are, valuable assets that symbolize Plaintiff and the nature and quality of the various products and services which he endorses and engages with.

14. Plaintiff regularly receives substantial financial offers requested permission for, and seeking the use of, Plaintiff's name, trademark, likeness, identity and persona for licensing, endorsing, marking and promoting products, services, and performances.

15. Plaintiff maintains strict control over the manner in which his name, trademark, likeness, identity and persona are used, and he exercises careful consideration in selecting and approving products, services or performances that he permits to license or use his name, trademark, likeness, identity and persona.

### **Defendant, Opulous**

16. Defendant, OPULOUS, is a business entity formed and headquartered in the Central Region of Singapore.

17. At all material times, Defendant, OPULOUS, regularly conducted and continues to regularly conduct substantial business within this jurisdiction.

18. OPULOUS was founded in or around 2021 by Defendant, LEE JAMES PARSONS, who serves as its CEO and primary owner. Defendant, LEE JAMES PARSONS, is also the founder and CEO of Defendant, DITTO MUSIC.

19. OPULOUS markets itself as a company which "brings Decentralized Finance to the music industry, changing how artists access the funding they need and providing a launchpad for the first music copyright-backed NFTs". (See, www.opulous.org).

20. By way of background, NFTs, or non-fungible tokens, are unique pieces of digital content linked to the blockchain, which is the digital database underpinning cryptocurrencies such as Bitcoin and Ethereum. NFTs have been liked to digital passports because the unique, non-transferable identity for each token distinguishes it from all other tokens and allows the token to be efficiently and securely bought, sold, and traded.  One of the early and

prominent uses of NFTs has been the creation of an entire market for tokenized digital art, but NFTs have utility for real-world tangible assets as well.

21.  In essence, Defendant, OPULOUS's primary product / service is the offering of ownership interest in a musician's copyrighted work to the public at large, using NFTs as the means by which the ownership interest is transferred and maintained.

22. Of course, it is axiomatic that in order to offer the ownership interest to any musician's copyrighted work, Defendant, OPULOUS, must first have the agreement and consent of the musician at issue to sell the copyright to his or her work, with the musician in turn entitled to a share of the proceeds from the sale thereof.

**Defendant, Ditto Music**

23. DITTO MUSIC is a business entity formed and headquartered in Liverpool, England.

24. At all material times, Defendant, DITTO MUSIC, regularly conducted and continues to regularly conduct substantial business within this jurisdiction.

25. DITTO music was also founded by Defendant, LEE JAMES PARSONS, who serves as its CEO and its primary owner.

26. DITTO MUSIC serves primarily markets itself as an online music distribution company, and also purports to offer its clientele record label and music publishing services.

**Defendant, Lee James Parsons**

27. Defendant, LEE JAMES PARSONS, is a resident of London, England.

28. At all material times, Defendant, LEE JAMES PARSONS, regularly conducted and continues to regularly conduct substantial business within this jurisdiction.

29. Defendant, LEE JAMES PARSONS, is the founder, chief executive officer and primary owner of Defendants, OPULOUS and DITTO MUSIC.

## **DEFENDANT'S WRONGUL CONDUCT**

30. In early 2021, Defendants, DITTO MUSIC and LEE JAMES PARSONS founded OPULOUS, and quickly began searching for high profile recording artists to partner with for OPULOUS' commercial launch of music copyright-backed NFTs.

31. On or about May 19, 2021, Defendant, LEE JAMES PARSONS, on behalf of both OPULOUS and DITTO MUSIC, sought an introduction to Plaintiff's management to discuss having Plaintiff be involved in the inaugural launching of OPULOUS's products and services.

32. On May 24, 2021, a conference call / virtual meeting took place involving, inter alia, Plaintiff's management, LEE JAMES PARSONS, and Fernando Cruz, who serves as Chief Marketing Officer for OPULOUS. This meeting was a general introductory meeting wherein Defendant, LEE JAMES PARSONS, and his employee, Fernando Cruz, pitched Plaintiff's management on Plaintiff being involved with the OPULOUS platform. During this meeting, no agreement or deal terms for Plaintiff's involvement was ever reached.

33. The next day, on May 25, 2021, another conference call / virtual meeting took place, and on this call, Plaintiff, LIL YACHTY, joined with his management, and OPULOUS and DITTO MUSIC were again represented by LEE JAMES PARSONS and Fernando Cruz. This meeting was also a general introductory meeting wherein Defendant, LEE JAMES PARSONS, and his employee, Fernando Cruz, generally pitched Plaintiff, LIL YACHTY, on the OPULOUS platform. Similarly, during this meeting, no agreement or deal terms for Plaintiff's involvement was ever reached.

34. Subsequent to the conference call / virtual meeting on May 24, 2021, there were no further communications between the parties, and accordingly no agreement or deal terms for Plaintiff's involvement in the Defendants' launch of the OPULOUS platform was ever reached.

35. Notwithstanding, just seven (7) days later, on June 1, 2021, Defendants collectively launched a press and advertisement campaign falsely representing that Plaintiff, LIL

YACHTY, was affiliated, connected, and associated with the OPULOUS platform, and further falsely representing that Plaintiff's copyrighted works would be offered for sale through the OPULOUS platform. In these publications, Defendants prominently displayed Plaintiff's name, trademark, and photograph, all without Plaintiff's permission or consent. Specifically:

- On June 1, 2021, Defendant, OPULOUS, issued a press release through its own website, attached here as "Exhibit B", wherein it touted that "[r]ight now…we'll be kicking things off with a series of unmissable NFT drops **led by world-famous artists including Lil Yachty**…"(emphasis added). Defendant, OPULOUS, through its Twitter account, @opuousapp, then published a link to view the press release along with a photograph of Plaintiff. See:



[Note that Plaintiff, LIL YACHTY, is the depicted on the left in the above screenshot)

- Similarly, on June 1, 2021, Defendant, DITTO MUSIC, published through its Twitter account, @Dittomusic, the same graphic showing Plaintiff's photograph, using his

name and trademark, and falsely representing that Plaintiff was affiliated with
Defendants' collective launch of OPULOUS. See:



- Also on June 1, 2021, Defendant, LEE JAMES PARSONS, published from his Twitter
  account, @ceoleeparsons, an additional message which contained Plaintiff's image
  and name and again falsely represented Defendants' non-existent affiliation with
  Plaintiff. Making matters more egregious, in this post, Defendant, LEE JAMES
  PARSONS, including a link to an article published by Music Business Worldwide
  which contained numerous statements made by LEE JAMES PARSONS both falsely
  representing Plaintiff's affiliation and involvement with the OPULOUS platform, as
  well as touting the significance to the OPULOUS platform of having an artist as high
  profile and respected as Plaintiff involved with the launch of OPULOUS's copyright

NFT offerings. See, for example, the following quotes from within the article, a full copy of which is attached here as "<u>Exhibit C</u>",

- "Opulous plans to launch a series of exclusive music NFT drops on Binance with **'major artists' led by Lil Yachty**…" (emphasis added)

-  "I've been passionate about the applications of crypto and blockchain technology within the music industry for many years, and believe **the launch of NFT drops like these will help to strengthen the connection between artists and their fans well into the future**". (direct quote of Defendant, LEE JAMES PARSONS)(emphasis added).

See also, a screenshot of Defendant, LEE JAMES PARSON's twitter post:



- On June 2, 2021, Defendant, OPULOUS, again disseminated the Music Business Worldwide article attached here as "Exhibit C", and again published Plaintiff's name, trademark, and image falsely representing that Plaintiff was affiliated and involved with the launch of Defendants' products and services. See:



- On June 2, Defendant, DITTO MUSIC, through its subsidiary Ditto Music Africa, also again disseminated the Music Business Worldwide article attached here as "Exhibit C", again published Plaintiff's name, trademark, and image falsely representing that Plaintiff was affiliated and involved with the launch of Defendants' products and services. See:



- On June 3, 2021, Defendants caused another press release article to be released through Binance, Defendants' partner in the launch of its OPULOUS branded products and services. That press release, attached here as "<u>Exhibit D</u>", again falsely touted Plaintiff's involvement with the launch of Defendants' products and services, and again highlighted the importance of Plaintiff's alleged flagship / inaugural involvement to the ultimate success of OPULOUS and Defendants' offerings. See, for example, the following quote:

  - "The exclusive NFT drops on Binance NFT, led by Lil Yachty…, will give fans a taste of what to expect when Opulous rolls out its launchpad for music NFTs".

- On June 3, 2021, Defendant, LEE JAMES PARSONS, again published through his twitter account Plaintiff's image in promotion of OPULOUS's products and services. See:



- As of the current date, Plaintiff's name and image and the announcement of his alleged involvement with Defendants' products and services are still prominently displayed on the home page of OPULOUS' LinkedIn account, highlighting the prominent use by Defendant of this non-existent partnership / business relationship. See:



36. The above specified commercial advertisements and statements (hereinafter, collectively referred to as the "Infringing Ads") falsely represent and imply that Plaintiff, LIL YACHTY, sponsors, endorses, or is associated with Defendants' commercial enterprises and Defendants' collective launching of the OPULOUS platform and NFT products.

37. At no time did Defendants have authorization or consent to utilize Plaintiff's name, trademark, or image in connection with the Infringing Ads, or otherwise.

38. In fact, at all times, Defendants acted with actual malice in that Defendants knew that they did not have authorization to utilize Plaintiff's name, trademark or image in connection with the Infringing Ads, yet did so anyways because same was beneficial to Defendants' commercial enterprises in general and their launching of the OPULOUS platform specifically, in blatant and conscious disregard for Plaintiff's exclusive legal rights to control the use and exploitation of his name, trademark, and image.

39. The Infringing Ads are likely to cause confusion, and have caused actual confusion, in the minds of the consuming public as to an association of Plaintiff with Defendants, OPULOUS, DITTO MUSIC, and LEE JAMES PARSONS.

40. Defendants have undoubtedly profited for their unlawful misappropriation and use of Plaintiff's name, trademark, and image. For example, following their above detailed media blitz falsely touting Plaintiff's involvement with its offering of products and services, Defendants began raising investment funds for the OPULOUS platform, and utilized their alleged relationship with Plaintiff as a keystone indicator of the success and viability of the OPULOUS platform. The circumstances of Defendants' malicious and wrongful profiteering was in fact chronicled directly by Defendant, LEE JAMES PARSONS, in an another interview he provided to the media.  Specifically, on June 16, 2021, Music Business Worldwide published another article featuring statements and quotes from LEE JAMES PARSONS, including his implicit acknowledgements that Defendants had raised $6.5 million in funding due, in large part, to the alleged involvement of Plaintiff, LIL YACHTY with OPULOUS' platform and inaugural offerings. That article is attached her as "Exhibit E", with pertinent quotes as follows:

- "Parsons says that Opulous plans to launch a series of these exclusive music NFT drops with **'major artists' – led by Lil Yachty**…" (emphasis added)

- " 'Obviously, we want the biggest artists out there to start selling NFTs through the Opulous platform' says Opulous Founder, Lee Parsons."

- "Now, having completed a successful multi-million dollar financing round to fund the next stage of its growth, Opulous is welcoming a wider range of artists onto its platform…"

41. Defendants have never remitted any funds or earnings to Plaintiff despite generating millions of dollars from the use of his name, trademark, and image.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement (15 U.S.C. §§ 1114) against OPULOUS)**

42. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff has continuously used the federally registered LIL YACHTY mark in connection with his vast and varied commercial endeavors.

44. Defendant, OPULOUS' use and/or publication of the LIL YACHTY trademark in the Infringing Ads was made in connection with the sale and advertising of Defendant's products and services, and was so used without Plaintiff's consent.

45. Defendant, OPULOUS' unauthorized use of the LIL YACHTY trademark in the Infringing Ads was so done by Defendant with the actual knowledge that the use was likely to cause confusion or mistake as to Plaintiff's affiliation, involvement , connection and association with Defendant, and in fact such confusion has occurred.

46. At all times, Defendant, OPULOUS, was aware of Plaintiff's rights in and to the LIL YACHTY mark, yet still utilized same without authorization in violation of federal law, codified at 15 U.S.C. § 1114.

47. As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement (15 U.S.C. §§ 1114) against DITTO MUSIC)

48. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

49. Plaintiff has continuously used the federally registered LIL YACHTY mark in connection with his vast and varied commercial endeavors.

50. Defendant, DITTO MUSIC's use and/or publication of the LIL YACHTY trademark in the Infringing Ads was made in connection with the sale and advertising of Defendant's products and services, and was so used without Plaintiff's consent.

51. Defendant, DITTO MUSIC's unauthorized use of the LIL YACHTY trademark in the Infringing Ads was so done by Defendant with the actual knowledge that the use was likely to cause confusion or mistake as to Plaintiff's affiliation, involvement , connection and association with Defendant, and in fact such confusion has occurred.

52. At all times, Defendant, DITTO MUSIC, was aware of Plaintiff's rights in and to the LIL YACHTY mark, yet still utilized same without authorization in violation of federal law, codified at 15 U.S.C. § 1114.

53. As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Infringement (15 U.S.C. §§ 1114) against LEE JAMES PARSONS)

54. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

55. Plaintiff has continuously used the federally registered LIL YACHTY mark in connection with his vast and varied commercial endeavors.

56. Defendant, LEE JAMES PARSONS' use and/or publication of the LIL YACHTY trademark in the Infringing Ads was made in connection with the sale and advertising of Defendant's products and services, and was so used without Plaintiff's consent.

57. Defendant, LEE JAMES PARSONS' unauthorized use of the LIL YACHTY trademark in the Infringing Ads was so done by Defendant with the actual knowledge that the use was likely to cause confusion or mistake as to Plaintiff's affiliation, involvement , connection and association with Defendant, and in fact such confusion has occurred.

58. At all times, Defendant, LEE JAMES PARSONS, was aware of Plaintiff's rights in and to the LIL YACHTY mark, yet still utilized same without authorization in violation of federal law, codified at 15 U.S.C. § 1114.

59. As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF

**(Federal Unfair Competition and False Representation of Affiliation (15 U.S.C. § 1125) against OPULOUS)**

60. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

61. In the Infringing Ads published by Defendant, OPULOUS, Defendant knowingly and intentionally falsely represented that Plaintiff, LIL YACHTY, was affiliated, connected, or associated with Defendant and its commercial enterprises and products offerings, including the OPULOUS platform.

62. Defendant, OPULOUS, has and continues to to falsely designate its goods and services as being derived from and/or affiliated with Plaintiff, LIL YACHTY.

63. Defendant, OPULOUS' unauthorized use of Plaintiff's name, trademark, and image in the Infringing Ads and otherwise is likely to cause, and has in fact cased, relevant consumers to mistakenly believe that Defendant has an affiliation with Plaintiff, that Defendant's commercial activities and product offerings are sponsored or approved by Plaintiff, or that Defendant is otherwise associated with or has obtained permission from Plaintiff to utilize his name, trademark and image in connection with the advertisement and promotion of Defendant's commercial activities and product offerings.

64. By engaging in the unauthorized activities described above, Defendant has made, and continues to make, false, deceptive, and misleading statements constituting false representations and false advertising made in connection with the sale of goods or services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a). Furthermore, in light of Defendant's actual knowledge that its statements were false, Defendant's activities were, and remain, willful and intentional.

65. Defendant's willful and intentional acts of unfair competition and false advertisement have caused and continue to cause great and irreparable injury and damage to Plaintiff's business and goodwill.

66. As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

**(Federal Unfair Competition and False Representation of Affiliation (15 U.S.C. § 1125) against DITTO MUSIC)**

67. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

68. In the Infringing Ads published by Defendant, DITTO MUSIC, Defendant knowingly and intentionally falsely represented that Plaintiff, LIL YACHTY, was affiliated, connected, or associated with Defendant and its commercial enterprises and products offerings, including the OPULOUS platform founded by DITTO MUSIC.

69. Defendant, DITTO MUSIC, has and continues to falsely designate its goods and services as being derived from and/or affiliated with Plaintiff, LIL YACHTY.

70. Defendant, DITTO MUSIC's unauthorized use of Plaintiff's name, trademark, and image in the Infringing Ads and otherwise is likely to cause, and has in fact cased, relevant consumers to mistakenly believe that Defendant has an affiliation with Plaintiff, that Defendant's commercial activities and product offerings are sponsored or approved by Plaintiff, or that Defendant is otherwise associated with or has obtained permission from

Plaintiff to utilize his name, trademark and image in connection with the advertisement and promotion of Defendant's commercial activities and product offerings.

71. By engaging in the unauthorized activities described above, Defendant has made, and continues to make, false, deceptive, and misleading statements constituting false representations and false advertising made in connection with the sale of goods or services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a). Furthermore, in light of Defendant's actual knowledge that its statements were false, Defendant's activities were, and remain, willful and intentional.

72. Defendant's willful and intentional acts of unfair competition and false advertisement have caused and continue to cause great and irreparable injury and damage to Plaintiff's business and goodwill.

73. As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

**(Federal Unfair Competition and False Representation of Affiliation (15 U.S.C. § 1125) against LEE JAMES PARSONS)**

74. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

75. In the Infringing Ads published by Defendant, LEE JAMES PARSONS, Defendant knowingly and intentionally falsely represented that Plaintiff, LIL YACHTY, was affiliated, connected, or associated with Defendant and its commercial enterprises and products offerings, including the OPULOUS platform founded and owned by LEE JAMES PARSONS.

76. Defendant, LEE JAMES PARSONS, has and continues to falsely designate its goods and services as being derived from and/or affiliated with Plaintiff, LIL YACHTY.

77. Defendant, LEE JAMES PARSONS' unauthorized use of Plaintiff's name, trademark, and image in the Infringing Ads and otherwise is likely to cause, and has in fact cased, relevant

consumers to mistakenly believe that Defendant has an affiliation with Plaintiff, that Defendant's commercial activities and product offerings are sponsored or approved by Plaintiff, or that Defendant is otherwise associated with or has obtained permission from Plaintiff to utilize his name, trademark and image in connection with the advertisement and promotion of Defendant's commercial activities and product offerings.

78. By engaging in the unauthorized activities described above, Defendant has made, and continues to make, false, deceptive, and misleading statements constituting false representations and false advertising made in connection with the sale of goods or services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a). Furthermore, in light of Defendant's actual knowledge that its statements were false, Defendant's activities were, and remain, willful and intentional.

79. Defendant's willful and intentional acts of unfair competition and false advertisement have caused and continue to cause great and irreparable injury and damage to Plaintiff's business and goodwill.

80. As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

**(Violation of the California Common Law Right of Privacy against OPULOUS)**

81. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

82. In doing the acts alleged herein, Defendant, OPULOUS, has used for commercial purposes Plaintiff, LIL YACHTY's, name, trademark and image, without Plaintiff's consent.

83. The commercial use and misappropriation of Plaintiff's name, trademark, and image, is a violation of the California common law right of privacy, which includes the right of publicity.

84. As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

### (Violation of the California Common Law Right of Privacy against DITTO MUSIC)

85. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

86. In doing the acts alleged herein, Defendant, DITTO MUSIC, has used for commercial purposes Plaintiff, LIL YACHTY's, name, trademark and image, without Plaintiff's consent.

87. The commercial use and misappropriation of Plaintiff's name, trademark, and image, is a violation of the California common law right of privacy, which includes the right of publicity.

88. As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF

### (Violation of the California Common Law Right of Privacy against) against LEE JAMES PARSONS)

89. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

90. In doing the acts alleged herein, Defendant, LEE JAMES PARSONS, has used for commercial purposes Plaintiff, LIL YACHTY's, name, trademark and image, without Plaintiff's consent.

91. The commercial use and misappropriation of Plaintiff's name, trademark, and image, is a violation of the California common law right of privacy, which includes the right of publicity.

92. As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## **TENTH CLAIM FOR RELIEF**

**(Violation of the California Statutory Right of Publicity (Civil Code § 3344) against OPULOUS)**

93. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

94. In doing the acts alleged herein, Defendant, OPULOUS, knowingly, willfully, and unlawfully used and misappropriated Plaintiff's name, trademark, and image in the Infringing Ads for Defendant's own commercial purposes.

95. Defendant's misappropriation of Plaintiff's name, trademark, and image for its own commercial purposes is a violation of California Civil Code § 3344.

96. As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## **ELEVENTH CLAIM FOR RELIEF**

**(Violation of the California Statutory Right of Publicity (Civil Code § 3344) against DITTO MUSIC)**

97. Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

98. In doing the acts alleged herein, Defendant, DITTO MUSIC, knowingly, willfully, and unlawfully used and misappropriated Plaintiff's name, trademark, and image in the Infringing Ads for Defendant's own commercial purposes.

99. Defendant's misappropriation of Plaintiff's name, trademark, and image for its own commercial purposes is a violation of California Civil Code § 3344.

100. As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**TWELTH CLAIM FOR RELIEF**

**(Violation of the California Statutory Right of Publicity (Civil Code § 3344) against LEE JAMES PARSONS)**

101.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

102.    In doing the acts alleged herein, Defendant, LEE JAMES PARSONS, knowingly, willfully, and unlawfully used and misappropriated Plaintiff's name, trademark, and image in the Infringing Ads for Defendant's own commercial purposes.

103.    Defendant's misappropriation of Plaintiff's name, trademark, and image for its own commercial purposes is a violation of California Civil Code § 3344.

104.    As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

**THIRTEENTH CLAIM FOR RELIEF**

**(California Unfair Competition (Business & Professions Code § 17200) against OPULOUS)**

105.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

106.    In the Infringing Ads published by Defendant, OPULOUS, Defendant knowingly and intentionally falsely represented that Plaintiff, LIL YACHTY, was affiliated, connected, or associated with Defendant and its commercial enterprises and products offerings, including the OPULOUS platform.

107.    Defendant, OPULOUS, has and continues to falsely designate its goods and services as being derived from and/or affiliated with Plaintiff, LIL YACHTY.

108.    Defendant, OPULOUS' unauthorized use of Plaintiff's name, trademark, and image in the Infringing Ads and otherwise is likely to cause, and has in fact cased, relevant consumers to mistakenly believe that Defendant has an affiliation with Plaintiff, that Defendant's commercial activities and product offerings are sponsored or approved by Plaintiff, or that Defendant is otherwise associated with or has obtained permission from

**Page 23 of 27**

Plaintiff to utilize his name, trademark and image in connection with the advertisement and promotion of Defendant's commercial activities and product offerings.

109.     By engaging in the unauthorized activities described above, Defendant has made, and continues to make, false, deceptive, and misleading statements constituting false representations and false advertising made in connection with the sale of goods or services distributed in interstate commerce in violation of Section 17200 of the California Business and Professions Code. Furthermore, in light of Defendant's actual knowledge that its statements were false, Defendant's activities were, and remain, willful and intentional.

110.     Defendant's willful and intentional acts of unfair competition and false advertisement have caused and continue to cause great and irreparable injury and damage to Plaintiff's business and goodwill.

111.     As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## FOURTEENTH CLAIM FOR RELIEF

**(California Unfair Competition (Business & Professions Code § 17200) against DITTO MUSIC)**

112.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

113.     In the Infringing Ads published by Defendant, DITTO MUSIC, Defendant knowingly and intentionally falsely represented that Plaintiff, LIL YACHTY, was affiliated, connected, or associated with Defendant and its commercial enterprises and products offerings, including the OPULOUS platform founded by DITTO MUSIC.

114.     Defendant, DITTO MUSIC, has and continues to falsely designate its goods and services as being derived from and/or affiliated with Plaintiff, LIL YACHTY.

115.     Defendant, DITTO MUSIC's unauthorized use of Plaintiff's name, trademark, and image in the Infringing Ads and otherwise is likely to cause, and has in fact cased, relevant consumers to mistakenly believe that Defendant has an affiliation with Plaintiff, that

Defendant's commercial activities and product offerings are sponsored or approved by Plaintiff, or that Defendant is otherwise associated with or has obtained permission from Plaintiff to utilize his name, trademark and image in connection with the advertisement and promotion of Defendant's commercial activities and product offerings.

116.     By engaging in the unauthorized activities described above, Defendant has made, and continues to make, false, deceptive, and misleading statements constituting false representations and false advertising made in connection with the sale of goods or services distributed in interstate commerce in violation of Section 17200 of the California Business and Professions Code. Furthermore, in light of Defendant's actual knowledge that its statements were false, Defendant's activities were, and remain, willful and intentional.

117.     Defendant's willful and intentional acts of unfair competition and false advertisement have caused and continue to cause great and irreparable injury and damage to Plaintiff's business and goodwill.

118.     As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## FIFTEENTH CLAIM FOR RELIEF

**(California Unfair Competition (Business & Professions Code § 17200) against OPULOUS)**

119.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 41 as if fully set forth herein.

120.     In the Infringing Ads published by Defendant, LEE JAMES PARSONS, Defendant knowingly and intentionally falsely represented that Plaintiff, LIL YACHTY, was affiliated, connected, or associated with Defendant and its commercial enterprises and products offerings, including the OPULOUS platform founded and owned by LEE JAMES PARSONS.

121.     Defendant, LEE JAMES PARSONS, has and continues to falsely designate its goods and services as being derived from and/or affiliated with Plaintiff, LIL YACHTY.

122.     Defendant, LEE JAMES PARSONS' unauthorized use of Plaintiff's name, trademark, and image in the Infringing Ads and otherwise is likely to cause, and has in fact cased, relevant consumers to mistakenly believe that Defendant has an affiliation with Plaintiff, that Defendant's commercial activities and product offerings are sponsored or approved by Plaintiff, or that Defendant is otherwise associated with or has obtained permission from Plaintiff to utilize his name, trademark and image in connection with the advertisement and promotion of Defendant's commercial activities and product offerings.

123.     By engaging in the unauthorized activities described above, Defendant has made, and continues to make, false, deceptive, and misleading statements constituting false representations and false advertising made in connection with the sale of goods or services distributed in interstate commerce in violation of Section 17200 of the California Business and Professions Code. Furthermore, in light of Defendant's actual knowledge that its statements were false, Defendant's activities were, and remain, willful and intentional.

124.     Defendant's willful and intentional acts of unfair competition and false advertisement have caused and continue to cause great and irreparable injury and damage to Plaintiff's business and goodwill.

125.     As a direct and proximate result of Defendant's acts alleged herein, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgement against Defendants, and each of them, as follows:

1.     Compensatory damages, consequential damages, lost profits, and disgorgement of Defendants' profits and funds raised attributable to Defendants' wrongful conduct as detailed herein;

2.     An award of attorney's fees and costs as allowable by law;

3.     Injunctive relief as allowable by law;

4.     Punitive damages as allowable law; and

1         5.    Any other relief that is just and proper under the law.

2

3    Dated this 26th day of January, 2021.

4                                Respectfully submitted,

5

6                                THE ROUSSO, BOUMEL LAW FIRM

7                                9350 South Dixie Highway
                            Suite 1520

8                                Miami, Florida 33156
                            (305) 670-6669

9

10            By: _____

11                               Adam T. Boumel, Esq.
                            California Bar No.: 302788

12                               adam@roussolawfirm.com
                            SERVICE EMAIL:

13                               pleadings@roussolawfirm.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

# United States of America

## United States Patent and Trademark Office

# Lil Yachty

**Reg. No. 5,226,262**

**Registered Jun. 20, 2017**

**Int. Cl.: 41**

**Service Mark**

**Principal Register**

Miles McCollum (UNITED STATES INDIVIDUAL)
1116 Willow Crest Way
Austell, GA 30168

CLASS 41: Entertainment services in the nature of live musical performances by a performer or group

FIRST USE 5-1-2015; IN COMMERCE 1-15-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

The name(s), portrait(s), and/or signature(s) shown in the mark identifies "LIL YACHTY", whose consent(s) to register is made of record.

SER. NO. 87-029,468, FILED 05-09-2016
JEFFREY S DEFORD, EXAMINING ATTORNEY



Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

# EXHIBIT "B"

 Get started   Open in app   

 OPULOUS

1.9K Followers     About     Follow   



# Opulous collaborates with Binance to launch exclusive music NFT drops

 Opulous · Jun 1, 2021 · 2 min read

**We're delighted to announce our new collaboration with the world's leading blockchain ecosystem and crypto exchange Binance.**

Our collab with Binance is great news for the whole Opulous community. We're set to create and launch some exclusive music NFT drops with major artists via Binance's brand new NFT marketplace.

There'll be plenty of opportunities to get involved with our sales, so if you're part of our awesome community, you'll be the first to hear about them. Plus, we're really looking forward to engaging Binance's worldwide following and sharing our vision for Opulous with millions of new music and blockchain enthusiasts.

We'll also be offering the chance for upcoming artists we work with to list their own sales on the Binance NFT marketplace down the line, helping them make more money up-front, raise the cash they need to invest in their own careers and form even closer relationships with fans.

**Right now though, we'll be kicking things off with a series of unmissable NFT drops led by world-famous artists including Lil Yachty and Kyle.**

But that's just the start. We've got more big-names lined up so keep an eye out for further announcements coming soon.

Don't forget that this is Opulous, so these are no ordinary NFTs. We've designed these drops to connect artists with their fans on a whole new level. In fact, our Binance music NFT sales will also include the opportunity for buyers to take part in **once-in-a-lifetime fan experiences** and artist engagements.

Unlike many of our future NFTs, these sales will take place outside of the Opulous platform on Binance's upcoming NFT marketplace. It's an exciting chance for you to grab one of our first ever Opulous NFTs.

We'll be releasing more info about our Binance collaboration and future NFT drops very soon. So as always, make sure to register at opulous.org, join our Telegram group and follow us on Twitter for all the latest updates as they happen.

Music     Buy Nfts     Blockchain     Cryptocurrency     Opulous

About   Write   Help   Legal

Get the Medium app

  

# EXHIBIT "C"

☰   (https://www.musicbusinessworldwide.com/)   🔍

# DITTO'S OPULOUS PLATFORM PARTNERS WITH BINANCE FOR EXCLUSIVE NFTS FROM LIL YACHTY, KYLE AND OTHER ARTISTS

**393**
SHARES

BY MURRAY STASSEN
(HTTPS://WWW.MUSICBUSINESSWORLDWIDE.COM/REGIONS/NORTH-(HTTPS://WWW.MUSICBUSINESSWORLDWIDE.COM/AUTHOR/MST/)
AMERICA/USA/) JUNE 1, 2021



**Music NFT and DeFi platform Opulous is planning to create and release NFT collectibles on Binance NFT, a new non-fungible token marketplace from blockchain ecosystem and cryptocurrency infrastructure provider, Binance.**

Established by Ditto Music founder (https://www.musicbusinessworldwide.com/ditto-launches-opulous-platform-to-help-artists-access-funding-without-the-need-for-traditional-banks/) Lee Parsons earlier this year, Opulous is a blockchain-powered financial support initiative for artists, which is described as the first-ever decentralised finance (DeFi) offering backed by music as an asset class.

ADVERTISEMENT

The Opulous platform also facilitates the launch of Opulous Music NFTs, which the company says is "a new form of NFT" that offers buyers rewards and a share of a song's future earnings in exchange for social media support, as well as peer-to-peer DeFi loans.

The NFTs sales will also include the opportunity for buyers to participate in fan experiences and engagements.

ADVERTISEMENT

Opulous plans to launch a series of exclusive music NFT drops on Binance with "major artists", led by Lil Yachty and Kyle, with others to be announced soon. Binance NFT launches on June 24.

MBW understands that Opulous is getting ready to announce a string of new exclusive music copyright NFT sales in tandem with a large industry partner.

This follows Opulous's pioneering experiment with NFT copyright sales on the blockchain earlier this year, when it – then known as Bluebox – sold 1% stakes in recordings (https://www.musicbusinessworldwide.com/having-sold-music-rights-to-125-people-via-nfts-

this-music-blockchain-platform-is-evolving-again-2/) by Big Zuu and Taylor Bennett to over 120 people via cryptocurrency transactions.

> **"WE'RE DELIGHTED TO WORK WITH BINANCE NFT TO LAUNCH THESE EXCLUSIVE NFT DROPS WITH SOME OF THE MOST EXCITING ARTISTS FROM ALL OVER THE WORLD."**
>
> **LEE PARSONS, OPULOUS**

Opulous CEO Lee Parsons, said: "We're delighted to work with Binance NFT to launch these exclusive NFT drops with some of the most exciting artists from all over the world.

"I've been passionate about the applications of crypto and blockchain technology within the music industry for many years, and believe the launch of NFT drops like these will help to strengthen the connection between artists and their fans well into the future."

# EXHIBIT "D"

News    Skills    Kn

## News

# Opulous to launch music NFTs with Lil Yachty and Kyle

June 2, 2021

Tags: Ditto Lil Yatchy NFTs Opulous



Earlier this year, distributor Ditto launched its Opulous 'decentralised finance scheme' as a blockchain-powered way to offer loans to artists, guaranteed against their streaming revenues. However, the spin-off company is also exploring non-fungible tokens (NFTs) including a new partnership with crypto exchange Binance. It will see the company launching a series of artist-focused NFT drops, starting with Lil Yachty (who has already launched his own cryptocurrency) and Kyle.

Ditto says that more artist drops will follow, and it's part of Binance's own expansion into NFTs that includes footballer Guti and painter Frank Holliday. The Lil Yachty and Kyle NFT collections will go live on 24 June on Binance's marketplace.

Opulous is also working on the idea of NFTs that will offer buyers "a share of a song's future earnings in exchange for social media support" as well as other rewards.

**Stuart Dredge**

Sign up for Music Ally's free weekly newsletter, The Knowledge – at-a-glance analysis of the modern music industry

Read More: News

### One response

**Related posts**



Website problems lead Royal to reschedule drop of Nas NFTs





MoonwalkerFM music NFTs include a share of streaming profits



Nas is the next artist selling a share of his royalties as NFTs

We use our own and third party cookies. If you continue browsing we consider you accept the use of cookies.    Got it

# EXHIBIT "E"

☰     (https://www.musicbusinessworldwide.com/)     🔍

# OPULOUS JUST RAISED $6.5 MILLION. NOW IT WANTS MORE ARTISTS TO SELL NFTS THROUGH ITS PLATFORM.

**639**
SHARES

**BY TIM INGHAM**
**(HTTPS://WWW.MUSICBUSINESSWORLDWIDE.COM/REGIONS/NORTH-** **(HTTPS://WWW.MUSICBUSINESSWORLDWIDE.COM/AUTHOR/TIM/)**
**AMERICA/USA/)**
**(HTTPS://WWW.MUSICBUSINESSWORLDWIDE.COM/REGIONS/EUROPE/UK/)**
**JUNE 16, 2021**



*Lee Parsons*

**The Opulous platform, devised and launched by the founders of DIY music service Ditto (https://www.musicbusinessworldwide.com/companies/ditto-music/), has caused ripples through the music business since it arrived earlier this year.**

(https://www.musicbusinessworldwide.com/ditto-launches-opulous-platform-to-help-artists-access-funding-without-the-need-for-traditional-banks/)

A blockchain-powered financial platform for artists, in April Opulous – then operating as Bluebox – hosted the first ever split music copyright sale by artists via NFTs.

British rapper Big Zuu and US artist Taylor Bennett each successfully sold a collection of 1% stakes in unreleased recordings via the blockchain.

ADVERTISEMENT

All 125 of these items (https://www.musicbusinessworldwide.com/having-sold-music-rights-to-125-people-via-nfts-this-music-blockchain-platform-is-evolving-again-2/) sold out in under 30 seconds with over 10,000 people trying to get into the sale. (Buyers of these 1% stakes acquired a worldwide exclusive fractional license to these sound recordings, with ownership in perpetuity).

Now, having completed a successful multi-million-dollar financing round to fund the next stage of its growth, Opulous is welcoming a wider range of artists onto its platform to host similar split copyright NFT sales.

> **"WHEN IT COMES TO SPLIT-COPYRIGHT NFTS, WE SEE A REAL SWEET SPOT HERE FOR ARTISTS WHO HAVE, SAY, 3 MILLION-PLUS FOLLOWERS ON SPOTIFY (HTTPS://WWW.MUSICBUSINESSWORLDWIDE.COM/COMPANIES/SPOTIFY/)."**
>
> **LEE PARSONS, OPULOUS**

"Obviously, we want the biggest artists out there to start selling NFTs through the Opulous platform," says Opulous founder, Lee Parsons. "But when it comes to the split-copyright NFTs, we see a real sweet spot here for artists who have, say, 3 million-plus followers on Spotify – artists with the kind of solid fan-base that will actively want to help promote their music to others, and will really value owning a stake, and getting a return, from that music's success."

What Parsons is describing is, in essence, a future of dedicated global fanbases operating with a shared determination to fuel their favorite artist's success – *a la* BTS's online ARMY. (https://www.musicbusinessworldwide.com/bts-set-new-spotify-streaming-record-with-20-9m-day-one-plays-but-nearly-10m-of-them-are-discounted-on-platforms-chart/)

This determination, though, will come not just from fans loving the act in question, but also because they're directly invested in their prosperity.

Thanks to a recent partnership with Binance (https://www.musicbusinessworldwide.com/dittos-opulous-platform-partners-with-binance-for-exclusive-nfts-from-lil-yachty-kyle-and-other-artists/), artists can also now sell *non*-copyright NFTs via Opulous, including VIP fan experiences – giving super-fans a chance to spend big on scarce items from their favourite artists.

Major artists such as Lil Yachty and Kyle have already signed up to sell non-copyright NFTs via the Opulous/Binance tie-up.

ADVERTISEMENT



Meanwhile, Opulous this month closed a $6.5 million funding round from a list of backers soon to be announced.

Parsons is keeping tight-lipped on the names of Opulous's new backers for now, but does confirm that "some of my favorite artists" are investors in the platform.

(A quick glance at the Opulous Twitter account (https://twitter.com/opulousapp) reveals that people like famed entrepreneur Gary Vaynerchuk – as well as a fair few notable music industry types – are following the company closely.)

A million dollars of the $6.5 million was raised via a crowd-raise. Parsons says this process proved so popular it was executed via a lottery system – with users having to prepay their money with the hope of 'winning' an allocation to invest in Opulous.

> **"IN THIS WORLD WHERE ARTISTS NEED AND WANT TO [FINANCE] THEMSELVES VIA THEIR COPYRIGHTS, THIS KIND OF [CRYPTO-BASED] FAN-FUNDING IS THE INEVITABLE MODEL OF THE FUTURE. AND AS IT BUILDS, IT'S GOING TO BECOME A BIG THREAT TO THE MAJOR LABELS."**
>
> **LEE PARSONS, OPULOUS**

"We could have raised literally ten times more than that with the level of demand we saw," says Parsons, "but right now this is about sensibly taking Opulous to the next level, and bringing on the next wave of artists selling copyright NFTs for the very first time."

Added Parsons: "We hear a lot from independent artists, 'But I want to keep my copyrights, not sell them.' And of course that's one option in a career. But another option is to raise the funds you need or want direct from your fans, and have those fans become evangelists for you and your music in the process.

"In this world where artists need and want to [finance] themselves via their copyrights, this kind of [crypto-based] fan-funding is the inevitable model of the future. And as it builds, it's going to become a big threat to the major labels.

"Our software can even track who amongst your 'army' is the most engaged and increase their rewards."

Earlier this month, Opulous inked its partnership with Binance (https://www.binance.com/en) in order to allow artists to sell additional, different types of NFTs – not related to copyrights – via the Binance NFT platform.

Parsons says that Opulous plans to launch a series of these exclusive music NFT drops with "major artists" – led by Lil Yachty and Kyle – on Binance NFT, with others to be announced soon.

"NFTs are very lucrative," comments Parsons. "With our Binance collaboration, artists will be able to sell fan experiences like a day in the studio with themselves, as well as Facetime calls, a day doing extreme sports together – anything.

> **"WE SEE A FUTURE WHERE ARTISTS ARE DOING REGULAR NFT DROPS ON BINANCE OUTSIDE OF THEIR COPYRIGHTED MUSIC, SELLING EVERYTHING FROM FUTURE FAN EXPERIENCES TO ARTWORKS."**
>
> **LEE PARSONS, OPULOUS**

"And these items will be trade-able, potentially making even more money for the artists via secondary trading."

Adds Parsons: "We see a future where artists are doing regular NFT drops on Binance outside of their copyrighted music, selling everything from future fan experiences to artworks.

"There is a lot of money to be made."

Opulous is currently hiring for a Los Angeles-based Head of Artist Services (https://www.musicbusinessworldwide.com/jobs/opulous-head-of-artist-services-us/), a role which requires at least 5 years of music industry experience as a high level account manager, artist liaison or other relevant role.