1   GRODSKY, OLECKI & PURITSKY LLP
    Allen B. Grodsky (SBN 111064)
2   *allen@thegolawfirm.com*
    Tim B. Henderson (SBN 281159)
3   *tim@thegolawfirm.com*
    11111 Santa Monica Boulevard, Suite 1070
4   Los Angeles, California 90025
    Telephone:   (310) 315-3009
5   Facsimile:   (310) 315-1557

6   Attorneys for Defendants Ditto Ltd.
    d/b/a Ditto Music and Lee James Parsons
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11

| | |
|---|---|
| 12  MILES PARKS MCCOLLUM professionally known as LIL YACHTY; | Case No. 2:22-cv-00587-MWF-MAR |
| 13 | Before the Hon. Michael W. Fitzgerald, U.S. District Judge |
| 14          Plaintiff, | Magistrate Judge Margo A. Rocconi |
| 15     vs. | |
| 16  OPULOUS, a foreign entity, and DITTO LTD, d/b/a DITTO MUSIC, a foreign entity, and LEE JAMES PARSONS, a citizen of a foreign country, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DITTO LTD. AND LEE JAMES PARSONS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PER FED. R. CIV. PROC. 12(b)(2)** |
| 17 | |
| 18 | |
| 19          Defendants. | |
| 20 | [Notice of Motion and Motion, Declaration of Lee James Parsons, and Proposed Order filed concurrently] |
| 21 | |
| 22 | Action filed:      March 8, 2022 |
| 23 | |
| 24 | Hearing |
|    | Date:  July 11, 2022 |
| 25 | Time: 10:00 a.m. |
|    | Location: First Street Courthouse |
| 26 |                 350 W. First Street |
| 27 |                 Courtroom 5A |
|    |                 Los Angeles, CA 90012 |
| 28 | |

# **TABLE OF CONTENTS**

1.   INTRODUCTION ......................................................................................... 4

2.   FACTUAL BACKGROUND ........................................................................ 5

    A.   Case Background ................................................................................. 5

    B.   Allegations in the Complaint as to Personal Jurisdiction ..................... 6

    C.   Defendant Parsons Does Not Have Significant Contacts with
        the State of California ........................................................................... 7

    D.   Defendant Ditto Does Not Have Significant Contacts with
        the State of California ........................................................................... 7

3.   LEGAL STANDARD ................................................................................... 7

4.   ARGUMENT ................................................................................................ 9

    A.   There Is No General Personal Jurisdiction .......................................... 9

    B.   There Is No Specific Personal Jurisdiction .......................................... 9

        1.   Prong 1 – Purposeful Direction ................................................. 9

        2.   Prong 2 – Arising Out Of Or Resulting From
            Forum-Related Activities ........................................................... 12

        3.   Prong 3 – Whether Exercising Jurisdiction Is Reasonable........ 12

            a.   Extent of Defendants' Interjection into California ......... 13

            b.   Burden on Defendants to Defend in California............... 13

            c.   Extent of Conflict with Sovereignty of Defendants'
                State ................................................................................. 14

            d.   Forum State's Interest in Adjudicating the Dispute........ 14

            e.   Most Efficient Judicial Resolution................................. 15

            f.   Forum's Importance to Plaintiff's Interest in
                Convenient, Effective Relief........................................... 16

            g.   Existence of Alternative Forum ...................................... 16

5.   CONCLUSION ............................................................................................ 16

# TABLE OF AUTHORITIES

**Cases:**                                                                                    **Pages:**

Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.,
    480 U.S. 102 (1987) ............................................................................. 13, 14

Calder v. Jones,
    465 U.S. 783 (1984) ................................................................................. 9, 10

Core–Vent Corp. v. Nobel Industries AB,
    11 F.3d 1482 (9th Cir. 1993)................................................................... 13, 16

DFSB Kollective Co. v. Bourne,
    897 F. Supp. 2d 871 (N.D. Cal. 2012) ......................................................... 10

Doe v. Geller,
    533 F. Supp. 2d 996 (N.D. Cal. 2008) ................................................... 10, 14

Fed. Deposit Ins. Corp. v. Brit.-Am. Ins. Co.,
    828 F.2d 1439 (9th Cir. 1987)....................................................................... 13

Gustafson v. BAC Home Loans Servicing, LP,
    No. SACV 11-915-JST ANX, 2012 WL 4761733
    (C.D. Cal. Apr. 12, 2012) ............................................................................ 15

In re W. States Wholesale Nat. Gas Antitrust Litig.,
    715 F.3d 716 (9th Cir. 2013)............................................................7, 8, 12, 13

Love v. Associated Newspapers, Ltd.,
    611 F.3d 601 (9th Cir. 2010)................................................................... 14, 15

Melendez v. Vaiana,
    No. EDCV162516JGBSPX, 2017 WL 8183139
    (C.D. Cal. Oct. 19, 2017) ............................................................................. 11

Menken v. Emm,
    503 F.3d 1050 (9th Cir. 2007)................................................................. 15, 16

Nicosia v. De Rooy,
    72 F. Supp. 2d 1093 (N.D. Cal. 1999) ........................................................... 8

Pooka Pooka LLC v. Safari Beach Club,
    No. C-12-03817 DMR, 2013 WL 12203872 (N.D. Cal. Apr. 17, 2013)....... 10

Schwarzenegger v. Fred Martin Motor Co.,
    374 F.3d 797 (9th Cir. 2004)................................................................8, 9, 10

# TABLE OF AUTHORITIES
(Continued)

Sullivan v. Oracle Corp.,
        51 Cal. 4th 1191 (2011)....................................................................15

Taylor v. Portland Paramount Corp.,
        383 F.2d 634 (9th Cir. 1967)..........................................................8

**Statutes:**

California Business & Professions Code §17200........................................6

California Civil Code § 3344........................................................6

**Rules:**

Fed. R. Civ. Proc. 12(b)(2) ........................................................5

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

      Defendants Ditto Ltd. and Lee James Parsons ("Defendants") submit this

3

memorandum of points and authorities in support of their motion to dismiss the

4

Complaint filed by Plaintiff Miles Parks McCollum p/k/a Lil Yachty ("Plaintiff"):

5

6

**1.**    **INTRODUCTION**

7

      The Court should dismiss the Complaint because Plaintiff does not come

8

close to proving this Court has personal jurisdiction over Defendants.  Plaintiff, a

9

resident of Georgia, sued Defendants, a United Kingdom corporation and citizen,

10

for claims arising out of four social media posts allegedly made by Defendants, and

11

a press release allegedly issued by a third party.  Plaintiff does not allege how the

12

posts or press release have any connection at all to California, does not allege that

13

Defendants have had any contact with California beyond bare legal conclusions,

14

and does not claim that he suffered any damage in California.  Plaintiff's likely

15

argument that the social media posts were accessible in California and that is

16

sufficient to invoke jurisdiction here is incorrect, particularly where there is no

17

allegation, let alone any evidence, of any connection to California.  In sum, Plaintiff

18

falls well short of satisfying his burden to prove that this Court has personal

19

jurisdiction over these Defendants.

20

      That alone should end the inquiry and this case should be dismissed as to

21

these Defendants.  But even if the Court were to look further, the evidence going to

22

jurisdiction as stated in the accompanying declaration of Defendant Parsons further

23

confirms that this Court does not have personal jurisdiction over either Defendant.

24

These facts include:

25

               •    Neither Ditto nor Parsons have any offices, property or bank

26

                    accounts in California,

27

               •    Ditto is not registered to do business in California, does not

28

                    target California or Californians with any marketing, its

1
2
3

contracts with artists like Plaintiff are subject to English law, and the person who operates its social media accounts is located in the United Kingdom, and

4
5
6

- Parsons has not traveled to California since 2016, and he owns property in, pays taxes in, has a passport from, and operates his social media from the United Kingdom or Brazil.

7   There is no reason why Defendants should be forced to litigate in this District.

8   Therefore, because Defendants Ditto and Parsons do not have sufficient
9   minimum contacts with California, there is no personal jurisdiction and the
10  Complaint should be dismissed as to them under Rule 12(b)(2).[1]

11

## 2.   FACTUAL BACKGROUND

### A.   Case Background

14  Plaintiff alleges that he is a famous recording artist, actor, and entrepreneur.
15  Complaint ¶ 8.  He alleges that Defendants "published numerous commercial
16  advertisements and promotions and made multiple statements to the media falsely
17  representing that Plaintiff . . . was involved, affiliated, and connected with the
18  launching and offering of Defendants' new products and services."  Complaint ¶¶ 5,
19  35, 40.  Plaintiff contends that Defendants used his name, likeness, and trademark,
20  without his consent.  Complaint ¶ 5.

21  With respect to Defendant Ditto Ltd., the Complaint alleges that Ditto made
22  one such tweet on its Twitter account (Complaint ¶ 35, p. 8:27-9:30), and that
23  "Ditto Music Africa," which it contends is a "subsidiary" of Ditto Ltd., published a
24  similar tweet (Complaint ¶ 35, p. 11:15-27).

25  With respect to Defendant Parsons, the Complaint alleges that he made two
26  posts on his Twitter account with such statements, one of which linked to a news

27
28

[1] A third defendant, Opulous, an entity alleged to have been formed in Singapore, has not yet been served with the Summons and Complaint.

article with quotes from Parsons.  Complaint ¶ 35, p. 9:20-10:27, 12:11-27.  The Complaint alleges that all Defendants also "caused another press release article to be released through [third party] Binance, Defendants' partner in the launch." Complaint ¶ 35, p. 12:1-9.

Plaintiff alleges fifteen claims for relief for federal trademark infringement, federal unfair competition, violation of the California common law right of privacy, violation of California Civil Code § 3344, and California Business & Professions Code §17200.

**B.**     **Allegations in the Complaint as to Personal Jurisdiction**

With respect to jurisdiction, Plaintiff alleges:

- Plaintiff is a citizen and resident of, and domiciled in, Georgia. Complaint ¶¶ 1, 6.
- Ditto Ltd. is a "business entity formed and headquartered in Liverpool, England."  Complaint ¶ 23.
- Parsons is "a resident of London, England" and founded Ditto, and is "its CEO and its primary owner."  Complaint ¶¶ 25, 27.

Plaintiff also generically alleges Ditto and Parsons "regularly conducted and continue[] to regularly conduct substantial business within this jurisdiction." Complaint ¶¶ 24, 28.  Finally, Plaintiff alleges, "on information and belief" that Defendants "(a) disseminated and distributed the tortious advertisements and publications within the State of California; (b) regularly transact and conduct business within the State of California and/or (c) have otherwise made or established contacts within the State of California sufficient to permit the exercise of personal jurisdiction, including but not limited to maintaining employees and one or more officers in this jurisdiction."  Complaint ¶ 2.

C.     **Defendant Parsons Does Not Have Significant Contacts with the**
       **State of California**

Parsons has a passport from the United Kingdom, resides in Lancashire, England, pays taxes in the United Kingdom, has a driver's license from the United Kingdom, and owns property in the United Kingdom.  Declaration of Lee James Parsons ("Parsons Decl.") ¶ 2.  Parsons runs his own social media accounts from the United Kingdom or from Brazil, where he also spends time.  Id.

Parsons does not own or rent property in California, does not have any bank accounts in California, does not pay taxes in California, and is not registered to vote in California.  Id. ¶ 3.  Parsons was last in California in or around 2016 and has not traveled to the United States since 2017.  Id. ¶ 4.

D.     **Defendant Ditto Does Not Have Significant Contacts with the State**
       **of California**

Ditto Ltd. was founded and is headquartered in Liverpool, England.  Id. ¶ 6.

Ditto does not have any offices in California.  Id. ¶ 7.  Ditto does not own or lease real estate in California and has no bank accounts in California.  Id.  Ditto is not registered to do business in California.  Id.  The employee who operates Ditto's social media channels is located in England.  Id.  Ditto does not direct any advertising towards California or target Californian consumers.  Id.

When Ditto contracts with artists, those agreements are subject to English law and contain clauses granting English courts exclusive jurisdiction.  Id. ¶ 8.

3.     **LEGAL STANDARDS**

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction."  In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 741 (9th Cir. 2013) (citations omitted).  The plaintiff must make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss."  Id. (citations and

1    modifications omitted).  In evaluating a plaintiff's showing, "the Court does not

2    assume the truth of conclusory allegations." <u>Nicosia v. De Rooy</u>, 72 F. Supp. 2d

3    1093, 1097 (N.D. Cal. 1999); <u>see also</u> <u>Taylor v. Portland Paramount Corp.</u>, 383

4    F.2d 634, 639 (9th Cir. 1967) ("We do not think that the mere allegations of the

5    complaint, when contradicted by affidavits, are enough to confer personal

6    jurisdiction of a nonresident defendant. In such a case, facts, not mere allegations,

7    must be the touchstone.").

8         "Personal jurisdiction over a nonresident defendant is proper if permitted by

9    a state's long-arm statute and if the exercise of that jurisdiction does not violate

10   federal due process.  For the exercise of jurisdiction to satisfy due process, a

11   nonresident defendant, if not present in the forum, must have 'minimum contacts'

12   with the forum such that the assertion of jurisdiction 'does not offend traditional

13   notions of fair play and substantial justice.'" <u>Id.</u> (citations omitted).

14        Personal jurisdiction can be established through general or specific personal

15   jurisdiction.  General personal jurisdiction requires "continuous and systematic

16   general business contacts . . . that approximate physical presence in the forum state.

17   <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 801 (9th Cir. 2004)

18   (citations and quotations omitted).

19        Specific personal jurisdiction requires a plaintiff to show that: (1) defendant

20   "purposefully availed" itself of the privilege of conducting activities in the forum or

21   "purposefully directed" its activities toward the forum; (2) the claim "arises out of

22   or relates to the defendant's forum-related activities"; and (3) the exercise of

23   jurisdiction is "reasonable." <u>W. States Wholesale</u>, 715 F.3d at 741-42 (citations

24   omitted).  If a plaintiff shows "that the exercise of personal jurisdiction satisfies the

25   first two prongs of the personal jurisdiction test, the burden shifts to the defendant

26   to make a 'compelling case' that the exercise of jurisdiction would be

27   unreasonable." <u>Id.</u> at 745.

28

1  In considering personal jurisdiction, "each defendant's contacts must be
2  examined individually." <u>Calder v. Jones,</u> 465 U.S. 783, 790 (1984) (citation
3  omitted).

4

5  **4.   <u>ARGUMENT</u>**

6  Plaintiff does not expressly state whether he contends the Court has general
7  or special personal jurisdiction over Defendants.  But as explained below, neither
8  general nor special personal jurisdiction exists over either Defendant.

9  **A.   <u>There Is No General Personal Jurisdiction</u>**

10  General jurisdiction is "an exacting standard" and has been denied in cases
11  "despite defendants' significant contacts with forum". <u>Schwarzenegger</u>, 374 F.3d
12  797, 801 (9th Cir. 2004) (citations omitted).  Here, there are no facts at all in the
13  Complaint that would support an argument that either Defendant has "continuous
14  and substantial" business contacts with California because there is no description of
15  ***any*** business contacts with California.  In any event, the evidence submitted by
16  Defendants proves they do not have such continuous or substantial contacts.
17  Parsons Decl. ¶¶ 2-9.

18  Therefore, there is no general personal jurisdiction as to either Defendant.

19  **B.   <u>There Is No Specific Personal Jurisdiction</u>**

20  As with general jurisdiction, Plaintiff has not come close to satisfying his
21  prima facie case for special personal jurisdiction as to any of the three prongs.

22  **1.   <u>Prong 1 – Purposeful Direction</u>**

23  In tort cases, the Ninth Circuit uses the purposeful direction analysis, which
24  "requires that the defendant allegedly have (1) committed an intentional act, (2)
25  expressly aimed at the forum state, (3) causing harm that the defendant knows is

26

27

28

likely to be suffered in the forum state." <u>Doe v. Geller</u>, 533 F. Supp. 2d 996, 1005 (N.D. Cal. 2008) (citing <u>Calder</u>, 465 U.S. 783 (1984)).[2]

Plaintiff will likely base his jurisdictional arguments on the Defendants' four social media posts and one press release issued by a third party.  Complaint ¶ 35.  But merely posting on social media is not enough to warrant special personal jurisdiction.  <u>Pooka Pooka LLC v. Safari Beach Club</u>, No. C-12-03817 DMR, 2013 WL 12203872, at *4 (N.D. Cal. Apr. 17, 2013) (a "defendant has not purposefully availed himself of the privilege of conducting activities in a forum state merely because he operates a website which can be accessed there").  The <u>Pooka Pooka</u> court held there was no personal jurisdiction in the Northern District of California over a New York defendant where the Complaint did not allege that "anyone in California ever access[ed] the website, that the website target[ed] Californians, or that the website mentioned California in any context."  Defendants' alleged Twitter posts and the third party's press release are not sufficient to satisfy the purposeful direction test here.

Although it is true that "operating even a passive website in conjunction with something more—conduct directly targeting the forum—is sufficient," there is no "something more" in this case.  <u>DFSB Kollective Co. v. Bourne</u>, 897 F. Supp. 2d 871, 880 (N.D. Cal. 2012) (citations and modifications omitted).  "In determining whether a nonresident defendant has done something more, the Ninth Circuit has considered several factors, including the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant individually targeted a plaintiff known to be a forum resident."  <u>Id.</u>

---

[2] The Ninth Circuit also uses the purposeful availment analysis on the first prong, but that is typically appropriate in contract cases, and requires a "evidence of the defendant's actions in the forum, such as executing or performing a contract there." <u>Schwarzenegger</u>, 374 F.3d at 802.   Here, Defendants believe that the appropriate rubric is purposeful direction but, in any event, there is no evidence of Defendants taking any action in California, so there is no purposeful availment either.

1    Here, Plaintiff here does not come close to alleging any connection between
2    the social media posts and California.  The Complaint alleges that the posts were
3    made but it offers no explanation about any interactivity with any of the posts, says
4    nothing about the scope of Defendants' activities, and fails to even attempt to show
5    how the posts were targeted at California or Californians.  Nor could Plaintiff
6    because the facts are to the contrary:  Plaintiff is a citizen of Georgia, the Ditto Ltd.
7    employee who runs its social media is based in the United Kingdom, and Defendant
8    Parsons operates his social media from the United Kingdom or Brazil.  Parsons
9    Decl. ¶¶ 2, 7.  Plaintiff has failed to prove any action directed at the forum state, so
10   exercising jurisdiction would be inappropriate.  <u>Melendez v. Vaiana</u>, No.
11   EDCV162516JGBSPX, 2017 WL 8183139, at *7 (C.D. Cal. Oct. 19, 2017)
12   (cataloguing cases and noting that "defendants' use of Facebook, Twitter, and
13   YouTube to direct users to his websites and to post infringing videos was not
14   enough to establish the defendants' conduct was expressly aimed at California")
15   (citations omitted).

16   The Complaint is similarly devoid of any allegations on the third element of
17   the purposeful direction analysis -- harm that the defendant knows is likely to be
18   suffered in the forum state.  Plaintiff does not allege any facts showing that he
19   suffered any harm in California.  Therefore, Plaintiff does not (and could not) allege
20   how the Defendants could possibly know that Plaintiff was likely to suffer such
21   non-existent harm in California.  <u>Melendez</u>, 2017 WL 8183139, at *8 ("Plaintiff
22   makes no allegations that Defendant knew Plaintiff was a California resident when
23   he infringed Plaintiff's copyright. Therefore, there is no evidence Defendant knew
24   the harm was likely to be suffered in California.").

25   In short, Plaintiff does not satisfy the purposeful direction test.  The Court
26   should find that Plaintiff has failed to meet his burden on prong 1 as to either
27   Defendant and dismiss the Complaint.

28

-11-

**2.** **Prong 2 – Arising Out Of Or Resulting From Forum-Related Activities**

The Ninth Circuit utilizes "a 'but for' test to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction."  Under the "but for" test, "a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action."  W. States Wholesale, 715 F.3d at 742 (citation omitted).

As discussed above, Plaintiff's claims fail to meet this test because there are no forum-related activities alleged to have occurred in connection with any of Plaintiff's claims.  None of the social media posts or the press release attributed to Defendants mention California and the Plaintiff does not allege any actions that took place in California.  Instead, the posts were made by an employee in the United Kingdom and Defendant Parsons in the United Kingdom or Brazil.  Parsons Decl. ¶¶ 2, 7.  The Plaintiff's claims have arisen without any connection to California at all.

Plaintiff fails to meet his burden on the second prong with respect to each Defendant.

**3.** **Prong 3 – Whether Exercising Jurisdiction Is Reasonable**

Plaintiff has failed to prove either of the first two prongs with respect to either Defendant, and the Court need not move to the third prong.  But, if the Court finds that Plaintiff has satisfied the first two prongs as to one or both Defendants, then as to only those Defendants the Court should find that Defendants have made a compelling case that the exercise of personal jurisdiction here is not reasonable.

The Ninth Circuit considers seven factors when determining whether the exercise of jurisdiction would be reasonable: "(1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the

-12-

defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum." W. States Wholesale, 715 F.3d at 745.  Defendants discuss each factor in turn:

### a.      Extent of Defendants' Interjection into California

The first factor is similar to the purposeful direction prong but, even if the Court finds purposeful direction, if a defendant's interjection is minimal or attenuated, then this factor can weigh against plaintiffs.  Core–Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1488 (9th Cir. 1993) (interjection factor weighed against plaintiff even though court found purposeful direction prong satisfied and defendants "allegedly intended their actions to cause harm in California").

Here, the Complaint alleges no facts demonstrating any activities taken by Defendants in California or even any injury to Plaintiff in California.  Defendants' interjection into California is non-existent.  Fed. Deposit Ins. Corp. v. Brit.-Am. Ins. Co., 828 F.2d 1439, 1444 (9th Cir. 1987) ("[T]he smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise."); Doe, 533 F. Supp. 2d at 1007 (interjection factor favored defendants where sending of "single takedown notice sent to YouTube" was "attenuated").

This factor weighs strongly in Defendants' favor.

### b.      Burden on Defendants to Defend in California

The second factor asks how burdensome it would be for Defendants to litigate in the forum state.  Here, it would be a significant burden on Defendants, an entity operating in and a citizen residing in the United Kingdom, to defend a case across the globe in the Central District.  Defendants have no offices in this District, and marshalling a defense in a foreign court applying foreign law would be burdensome.  Parsons Decl. ¶¶ 3, 7; Asahi Metal Indus. Co. v. Superior Ct. of

-13-

California, Solano Cnty., 480 U.S. 102, 114 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.").

This factor also favors Defendants.

### c.      Extent of Conflict with Sovereignty of Defendants' State

The third factor asks to what degree there is a conflict between the forum state exercising jurisdiction and the Defendants' state's sovereignty. "Litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." Doe, 533 F. Supp. 2d at 1008 (citation omitted). Here, there is a high degree of conflict because Defendants are not just citizens of another state in the United States, they are a British company and a British citizen. Id. ("England has a sovereign interest in adjudicating a claim against a British corporation and a British resident."); Love v. Associated Newspapers, Ltd., 611 F.3d 601, 610 (9th Cir. 2010) ("England has manifested 'a policy choice favoring unrestricted competition in the area of commercial exploitation of names and likenesses'" and "[e]ven if California has an interest in protecting the right of an entertainer with economic ties to the state to exploit his image overseas, that interest is not nearly as significant as England's interest") (citation omitted).

This factor also favors Defendants.

### d.      Forum State's Interest in Adjudicating the Dispute

The fourth factor asks what interest the forum state has in adjudicating the case. California has little to no interest in this case. No party, not even Plaintiff, is located here, and no harm allegedly occurred here. Doe, 533 F. Supp. 2d at 1008 (citing Asahi, 480 U.S. at 114) ("Because the plaintiff is not a California resident, California's legitimate interests in the dispute have considerably diminished."). California also presumptively does not apply its laws to non-residents for

-14-

1  occurrences outside the state.  Sullivan v. Oracle Corp., 51 Cal. 4th 1191, 1207

2  (2011) ("However far the Legislature's power may theoretically extend, we

3  presume the Legislature did not intend a statute to be operative, with respect to

4  occurrences outside the state, ... unless such intention is clearly expressed or

5  reasonably to be inferred from the language of the act or from its purpose, subject

6  matter or history.") (citation omitted).  Neither the section 17200 claims nor the

7  right of publicity claims should be extraterritorially applied here.  Gustafson v.

8  BAC Home Loans Servicing, LP, No. SACV 11-915-JST ANX, 2012 WL

9  4761733, at *5 (C.D. Cal. Apr. 12, 2012) ("[W]hile the UCL reaches claims made

10 by out-of-state residents harmed by unlawful conduct occurring inside California, it

11 does not apply to wrongful conduct occurring outside of California.") (citing

12 Sullivan); Love, 611 F.3d at 610 (affirming the dismissal of statutory and common

13 law right of publicity claims where "California has no interest in applying its law to

14 the conduct in question [which occurred primarily in England]. None of the parties

15 remaining in this suit is a citizen of California.").

16     This case has no business being in California and this factor favors

17 Defendants as well.

18             **e.     Most Efficient Judicial Resolution**

19     The fifth factor depends "primarily [on] where the witnesses and the

20 evidence are likely to be located." Menken v. Emm, 503 F.3d 1050, 1061 (9th Cir.

21 2007).  There is no evidence of any witnesses or documents being present in this

22 District.  Plaintiff is located in Georgia and Defendants are in the United Kingdom,

23 including any witnesses as to Ditto Ltd.'s social media posts, the crux of this case.

24 The Central District is not the most efficient location to litigate this dispute.

25     This factor favors Defendants as well.

26

27

28

1

      **f.**    **Forum's Importance to Plaintiff's Interest in Convenient,**

2

      **Effective Relief**

3

      The sixth factor considers the convenience and effectiveness of relief for the

4

plaintiff.  "[I]n this circuit, the plaintiff's convenience is not of paramount

5

importance."  <u>Menken</u>, 503 F.3d at 1061.  There is no indication as to why this

6

forum would be more convenient to Plaintiff, a Georgia resident.

7

      This factor also favors Defendants or, in Plaintiff's best-case scenario, this

8

factor is unimportant.

9

      **g.**    **Existence of Alternative Forum**

10

      The final factor asks whether there is an alternative forum where Plaintiff's

11

claims could be heard.  Plaintiff "bears the burden of proving the unavailability of

12

an alternative forum." <u>Menken</u>, 503 F.3d at 1061; <u>Core-Vent</u>, 11 F.3d at 1490

13

(alternative forum factor favored Swedish defendants where plaintiff "ha[d] not

14

shown that its libel claims cannot be effectively remedied [in Sweden]").  Plaintiff

15

has made no showing or contention that California is the only forum available for

16

this dispute.

17

      This factor also favors Defendants.

18

             *     *     *

19

      Weighing each of the seven factors, all definitively favor Defendants or, in

20

Plaintiff's best-case scenario, six favor Defendants and one factor either favors

21

Defendants or is unimportant.  Defendants have made a compelling case that it

22

would be unreasonable and unfair to subject them to jurisdiction in the Central

23

District.  The Court should dismiss the Complaint as to these Defendants.

24

25

**5.**    **CONCLUSION**

26

      For all these reasons, Defendants respectfully requests that the Court grant

27

their motion to dismiss for lack of personal jurisdiction.

28

1

2

3

Dated:  June 3, 2022

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

GRODSKY, OLECKI & PURITSKY LLP
Allen B. Grodsky
Tim B. Henderson

By:    /s/ Allen B. Grodsky
           Allen B. Grodsky

Attorneys for Defendants Ditto Ltd. d/b/a Ditto Music and Lee James Parsons