UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 22-00587-MWF (MARx) | **Date:** | August 3, 2022 |
| **Title:** | Miles Park McCollum v. Opulous et al | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [39]

Before the Court is Defendants Ditto Ltd. and Lee James Parsons's Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion"), filed on June 3, 2022. (Docket No. 39). Plaintiff Miles Parks McCollum filed an Opposition on July 7, 2022. (Docket No. 45). Plaintiff also filed a supplement to his Opposition on July 11, 2022. (Docket No. 46). Defendants filed a Reply on July 18, 2022. (Docket No. 47).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on **August 1, 2022**, pursuant to General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

For the reasons set forth below, the Motion is **DENIED**. Jurisdiction is proper over Defendant Ditto under Federal Rule of Civil Procedure 4(k)(2), and jurisdiction is proper over Defendant Parsons because he was an active participant in the alleged wrongdoing.

### I.     BACKGROUND

Plaintiff makes the following allegations in support of his prima facie showing that personal jurisdiction exists. *See Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 961 (C.D. Cal. 2005) ("In determining whether a plaintiff has met this burden, uncontroverted allegations in the complaint must be taken as true, and conflicts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-00587-MWF (MARx) | Date:  August 3, 2022 |
| Title:     Miles Park McCollum v. Opulous et al | |

between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor") (internal quotation omitted).

      Plaintiff Miles Parks McCollum is an internationally renowned recording artist who is professionally known as "Lil Yachty."  (Complaint ¶¶ 7,8 (Docket No. 1)).  Plaintiff trademarked the name "Lil Yachty" on June 20, 2017.  (*Id.* ¶ 7).  Plaintiff has an extremely large social media presence, with over 10.4 million followers on Instagram, 5.4 million followers on Twitter, and 171 million likes on TikTok.  (*Id.* ¶ 10).  Plaintiff is a United States citizen, domiciled in the State of Georgia.  (*Id.* ¶ 6).

      The three Defendants in this action are all related to a degree because Defendant Lee James Parsons, an individual, founded both Defendant Opulous and Defendant Ditto Ltd.  (*Id.* ¶ 29).  Opulous is a new company that offers ownership interests in musicians' copyrighted works, using non-fungible tokens ("NFTs") to convey and maintain certain interests.  (*Id.* ¶ 21).  Ditto is an online music distribution company that offers record label and music publishing services.  (*Id.* ¶ 26).

      In May 2021, Defendants Opulous and Parsons met with Plaintiff to pitch the new Opulous platform.  (*Id.* ¶ 33).  During the pitch, the parties never reached deal terms or any sort of an agreement.  (*Id.* ¶ 34).  Yet seven days later, Defendants collectively launched a press and advertisement campaign that falsely represented Plaintiff as being affiliated with the Opulous platform, and further represented that Plaintiff's copyrighted works would be offered for sale through the platform.  (*Id.* ¶ 35).  In these publications, Defendants prominently displayed Plaintiff's name, trademark, and photograph, all without Plaintiff's permission or consent.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-00587-MWF (MARx)                    Date:  August 3, 2022
Title:    Miles Park McCollum v. Opulous et al



(*Id.*) (*See, e.g.*, the "Infringing Post"; picturing Plaintiff on the left and noting his involvement).

    On January 27, 2020, Plaintiff initiated this trademark infringement action, among other claims.  Defendants in response filed this Motion seeking dismissal for lack of personal jurisdiction:  Defendant Ditto Ltd. is a business entity formed and headquartered in England, and Defendant Parsons is a resident of London, England.  Defendant Opulous has not been served, nor has it appeared in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-00587-MWF (MARx)          Date: August 3, 2022
Title:     Miles Park McCollum v. Opulous et al

Therefore, the question is whether this Court has personal jurisdiction over Defendants Ditto and Parsons.

## II.    LEGAL STANDARD

Rule 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *see also Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Because the motions are based on written materials rather than an evidentiary hearing, "[P]laintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990).

When considering a motion to dismiss for lack of personal jurisdiction, courts are not confined to the plaintiff's complaint; it is appropriate to consider evidence such as party declarations. *See*, *e.g.*, *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 949 (N.D. Cal. 2015) ("A trial court may rule on the issue of personal jurisdiction by 'relying on affidavits and discovery materials without holding an evidentiary hearing'") (quoting *Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986)). Although the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," it will "resolve factual disputes in the plaintiff's favor." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal quotation marks and citations omitted).

## III.    DISCUSSION

The thrust of Defendants' Motion is that both Ditto and Parsons are international citizens with insufficient California contacts to allow this Court to exercise personal jurisdiction over them. While Plaintiff admits that the Court lacks general jurisdiction, he argues that jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2), which provides jurisdiction over international residents if they have sufficient contacts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-00587-MWF (MARx) | Date:  August 3, 2022 |
| Title:     Miles Park McCollum v. Opulous et al | |

with the United States as a whole.  "Rule 4(k)(2) was established in response to the Supreme Court's suggestion that the rules be extended to cover persons who do not reside in the United States, and have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction."  *Lang Van, Inc. v. VNG Corp*., No. 19-56452, 2022 WL 2840583, at *5 (9th Cir. 2022).

When an action has multiple defendants, as there are here, "[e]ach defendant's contacts with the forum State must be assessed individually."  *Calder v. Jones*, 465 U.S. 783, 790 (1984) (citation omitted).

### A.     Defendant Ditto Ltd.

Defendants argue that jurisdiction is improper over Ditto too because its alleged contacts are insufficient to support a finding of personal jurisdiction.  Under Rule 4(k)(2), a plaintiff must prove: (1) the claim at issue arises from federal law; (2) the defendant is not subject to any state's courts of general jurisdiction; and (3) invoking jurisdiction upholds due process (namely, that jurisdiction is not unreasonable).  *Lang Van*, WL 2840583, at *5 (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006)).

Ditto does not dispute that the first two prongs are met.  Plaintiff alleges a federal claim for trademark infringement, and Ditto is not subject to any state's general jurisdiction because it is an international company without systematic United States contacts.  Under the third prong, "[t]he due process analysis . . . is nearly identical to the traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [defendants] and the forum state, we consider contacts with the nation as a whole."  *Holland Am. Line Inc. v. Wartsila N. Am., Inc*., 485 F.3d 450, 462 (9th Cir. 2007).  "Constitutional due process requires that a defendant 'have certain minimum contacts' . . . 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp*., 905 F.3d 597, 602 (9th Cir. 2018) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-00587-MWF (MARx) | Date:  August 3, 2022 |
| Title:    Miles Park McCollum v. Opulous et al | |

To satisfy due process, there must be (1) purposeful activities with the United States, showing that a defendant purposefully availed itself of the privileges of doing business in the United States, thereby invoking the benefits and protections of its laws ("purposeful direction"); (2) the claim must arise out of activities that are related to the United States; and (3) the exercise of jurisdiction must comport with notions of fair play and substantial justice.  *Lang Van*, WL 2840583, at *5.

### 1. Evidence of Defendant Ditto's activities within the United States

Before diving into the due process analysis, the Court notes that Ditto is affiliated with various events in the United States.  Beyond the alleged Infringing Post, Plaintiff provides evidence of the following "contacts" made by Ditto:

- Ditto's website represents that it has offices in Los Angeles and New York City.

- Ditto made a social media post to advertise a live music event in Los Angeles, and it utilized an American flag "emoji."

- Ditto made a social media post to advertise a live music event in Los Angeles and stated, "Based in or around California?  This is your chance to join the line-up for #DittoLive Hollywood!"

- Ditto made a social media post to congratulate its "#DittoLive competition winner" and stated, "We'll see you in Hollywood."

- Ditto made a social media post to advertise a live music event in Los Angeles and invited its followers to "Head to our bio now for free R.S.V.P ticket link & keep your eyes peeled for even more Ditto Live events & opps [sic] soon to be announced!"

- Ditto posted an advertisement seeking employment candidates in New York and Los Angeles.

- Ditto has various employees whose LinkedIn profiles indicate that they reside in Southern California or the United States generally.

(Opposition; Exhibits 1–15).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-00587-MWF (MARx)                Date:  August 3, 2022
Title:    Miles Park McCollum v. Opulous et al

Moreover, just nine days before Ditto filed its declaration attesting that it does not advertise in the United States, it made a social media post that advertised an upcoming live music event taking place in Los Angeles.  (Plaintiff's Supplement at 3 (Docket No. 46)).

This evidence establishes that Ditto has at least some presence in the United States.  But perhaps most saliently, this evidence establishes that Ditto has social media followers in the United States, that Ditto knows it has social media followers in the United States, and that Ditto uses social media to advertise or otherwise connect with its United States audience.

### 2.    Purposeful direction

In actions for trademark infringement, there must be "purposeful direction" tied to the defendant's conduct.  The Court analyzes purposeful direction under a three-part "effects test."  *Calder v. Jones*, 465 U.S. 783, 104 (1984).  Defendants satisfy this test if they:  (1) committed an intentional act; (2) expressly aimed at the forum state; and (3) caused harm that defendants knew was likely to be suffered in the forum state.  *Id.*; *see also Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017).

Ditto argues that Plaintiff cannot prove it acted with purposeful direction because Ditto's social media posts are unconnected to the Infringing Post.  Ditto claims that the Infringing Post advertises a new NFT platform, which is different from a live music event or job offering.  This argument, however, ignores the realities of social media and Ditto's United States following.  Under the effects test, Ditto's conduct meets the standard for purposeful direction.

First, purposeful direction requires an intentional act, which act arises when the defendant has "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act."  *Schwarzenegger*, 374 F.3d at 806.  There appears to be no dispute that Ditto acted intentionally when it made the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-00587-MWF (MARx) | **Date:** August 3, 2022 |
| **Title:** Miles Park McCollum v. Opulous et al | |

Infringing Post, so the first part of the test is satisfied. *See, e.g.*, *Pooka LLC v. Safari Beach Club*, No. C-12-03817 DMR, 2013 WL 12203872 (N.D. Cal. 2013) ("Plaintiff asserts that Defendants used Plaintiff's copyrighted materials without authorization. This is an intentional act that satisfies the first prong of the *Calder* test.").

As to the last two parts – aiming conduct toward the United States and knowledge of harm in the United States – Ditto argues that Plaintiff cannot satisfy either part because the Infringing Post was a general advertisement for a new NFT platform, and this advertisement was not aimed toward the United States. The Court disagrees.

Ditto does not dispute that it regularly uses its social media presence to advertise and promote events that occur within the United States. Ditto even uses its social media to interact directly with American consumers and recording artists, telling American consumers to "keep [their] eyes peeled for even more Ditto Live events [] soon to be announced!" (*See* Opposition; Exhibits 3, 5, 8).

This social media activity gives rise to three undeniable conclusions. First, Ditto has social media followers in the United States, as evidenced by the substance and interactive style of its posts. Second, Ditto *knows* it has followers in the United States, as evidenced by its advertising of specific live music events taking place in Los Angeles. And finally, when Ditto wishes to advertise or promote an event in the United States, it uses social media to connect with United States consumers.

In light of these conclusions, the Infringing Post was undoubtedly aimed toward the United States, and Ditto had knowledge that the Infringing Post would harm Plaintiff in the United States. The fact that Plaintiff himself is a United States citizen further supports this finding: if trying to gain attention for Opulous's new NFT platform in the United States, it makes sense that Ditto would advertise the platform using a well-known American recording artist and post the advertisement to a place where Ditto regularly interacts with American consumers. In other words, it makes sense that Ditto would purposefully direct its advertisement to the United States, as it has done so here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-00587-MWF (MARx)                              Date:  August 3, 2022
Title:    Miles Park McCollum v. Opulous et al

Ditto argues that "a defendant has not purposefully availed himself of the privilege of conducting activities in a forum state merely because he operates a website which can be accessed there." *Pooka*, WL 12203872, at *4.  And that operating a passive website is only sufficient to create jurisdiction if there is "something more" connecting Ditto to the forum. *AMA Multimedia*, 970 F.3d at 1210 (citation omitted). But here, as explained above, there is certainly "something more."  Ditto is not merely posting information on a passive website – Ditto is posting information to its social media account, which is a place it regularly uses to interact with American consumers. *See also Lang Van*, 2022 WL 2840583, at *6–7 (finding purposeful direction where defendant did not geoblock United States users from accessing content).

### 3.  Arising out of the forum

Because Ditto's conduct was purposefully directed toward the United States, the next question is whether Plaintiff's claims arise out of or result from Ditto's United States-related activities.  Ditto repackages its same argument under this prong – arguing that Plaintiff's claims cannot arise out of or relate to Ditto's United States-related activities because the NFT platform is unconnected to its United States contacts.

Again, the Court disagrees for the same reasons described above.  Ditto's social media activities connect Ditto to the United States.  Plaintiff's claims in this action all arise from Ditto's Infringing Post, which was made on social media.  Therefore, Plaintiff's claims arise out of and result from Ditto's United States-related activities.

### 4.  Reasonableness

"[O]nce the plaintiff has satisfied the first two prongs, the burden then shifts to the defendant who must show that the jurisdiction would be unreasonable." *Id*. at *4 (citations omitted).  Ditto bears the burden of presenting a "compelling case" that this Court's exercise of jurisdiction would not be reasonable. *Mavrix Photo, Inc. v. Brand*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 22-00587-MWF (MARx) | Date: August 3, 2022 |
| Title: Miles Park McCollum v. Opulous et al | |

*Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). To make this determination, Courts use a seven-factor balancing test that weighs:

1. the extent of the defendant's purposeful interjection into the forum state's affairs;
2. the burden on the defendant of defending in the forum;
3. the extent of conflict with the sovereignty of the defendant's state;
4. the forum state's interest in adjudicating the dispute;
5. the most efficient judicial resolution of the controversy;
6. the importance of the forum to the plaintiff's interest in convenient and effective relief; and
7. the existence of an alternative forum.

*Freestream*, 905 F.3d at 607 (9th Cir. 2018) (citation omitted). Under this test, Ditto fails to meet its burden.

    The Ninth Circuit has repeatedly held that the first factor – purposeful interjection – is analogous to the purposeful direction factor. *See, e.g.*, *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 984 (9th Cir. 2021); *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988); *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1401 (9th Cir. 1986). The "Ninth Circuit cases give the 'purposeful interjectment' factor no weight once it is shown that the defendant purposefully directed its activities to the forum state." *Corp. Inv. Bus. Brokers v. Melcher*, 824 F.2d 786, 790 (9th Cir. 1987). Because the Court found that Ditto purposefully directed its activities into the United States, this factor is given "no weight."

    Second, Ditto claims that it would be overly burdensome to defend this action in the United State or this District, claiming that its website is outdated and it does not actually have an office in Los Angeles. Even if this were true, the Court is unconvinced that it would be burdensome to defend here, as nine days before filing its Motion, Ditto advertised and promoted a live show that physically occurred within this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 22-00587-MWF (MARx) | Date: August 3, 2022 |
| Title: Miles Park McCollum v. Opulous et al | |

District.  And despite Ditto's alleged office locations, LinkedIn shows that Ditto has employees throughout the United States.  (Opposition; Exhibit 13).  Therefore, this factor weighs in favor of jurisdiction.

Third, Ditto argues that litigation here would unreasonably conflict with English sovereignty because England has an interest in adjudicating a claim against a British corporation and a British resident.  Be that as it may, the claims here have nothing to do with the laws in England, so it is unlikely the action with conflict with English sovereignty.  Plaintiff is asserting claims under United States and California laws, so this factor weighs in favor of jurisdiction.  *See Ayla*, 11 F.4th at 984 ("[T]he resolution of Ayla's claims will unlikely undermine Australian sovereignty [because] Ayla seeks only the determination and enforcement of its rights under United States trademark law and California unfair competition law and challenges Alya Skin's sales only in the United States.").

Fourth, Ditto argues that California has an insufficient interest in adjudicating the dispute because Plaintiff is not a California resident, but this argument misses the mark under a Rule 4(k)(2) analysis – what matters is the interests of the United States.  Therefore, this factor weighs in favor of jurisdiction because "[t]he United States [] has a clear interest in protecting its consumers from confusion and providing redress for violations of its trademark laws."  *Id*.

Fifth, efficient judicial resolution depends "primarily [on] where the witnesses and the evidence are likely to be located."  *Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007).  Ditto argues that there is no evidence of witnesses or documents in this District, so it is not the most efficient location.  However, because Plaintiff's claims "rest on the law of California and the United States, the United States would provide the most efficient judicial resolution of the controversy as well as better provide [Plaintiff] with convenient and effective relief."  *Id*. (internal quotation omitted).  Therefore, this factor weighs in favor of jurisdiction.

The sixth factor concerns the forum's importance to Plaintiff's interest in convenient and effective relief.  Again, Ditto makes an argument that Plaintiff, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-00587-MWF (MARx)                     Date:  August 3, 2022
Title:    Miles Park McCollum v. Opulous et al

Georgia resident, is no better served by litigating in this District.  But when considering the United States as whole, this forum favors Plaintiff.  *Id*.

The last factor asks whether an alternative forum exists for Plaintiff to bring his claims.  But this factor is only relevant "when the forum state is shown to be unreasonable."  *Id*. at 985 (citation omitted).  Ditto has not made any such showing here; therefore, exercising jurisdiction over Ditto would not be unreasonable.

Accordingly, the Motion is **DENIED** as to Defendant Ditto Ltd.

### B.  Defendant Parsons

Defendants argue that Parsons should be summarily dismissed from the action because his alleged contacts with the United States are protected by the fiduciary shield doctrine.  The Court disagrees.

It is true that corporate agents whose conduct derives from their affiliation with a corporation are subject to the fiduciary shield doctrine for the purposes of establishing jurisdiction.  *See Grober v. Mako Prod., Inc*., 686 F.3d 1335, 1347 (Fed. Cir. 2012) ("The fiduciary shield doctrine buffers corporate officers from personal jurisdiction when their official duties were their only contact with a forum state.") (citing *Kransco Mfg., Inc. v. Markwitz,* 656 F.2d 1376, 1379 (9th Cir. 1981)).  And "[u]nder the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person."  *Davis v. Metro Productions, Inc*., 885 F.2d 515, 520 (9th Cir. 1989).

Nonetheless, exercising personal jurisdiction is proper if the corporate officer was a "primary participant" in the alleged wrongdoing.  *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009) ("[A] corporate officer's contacts on behalf of a corporation [are] sufficient to subject the officer to personal jurisdiction where the officer is a primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities.") (internal quotations omitted).  Courts throughout this District have exercised personal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-00587-MWF (MARx) | Date:  August 3, 2022 |
| Title:    Miles Park McCollum v. Opulous et al | |

jurisdiction over corporate officers when the officers were active participants in the tortious conduct.  *Id.* 1120–21 (collecting cases).  Here, there is sufficient evidence to support such a finding over Defendant Parsons.

    First, as alleged in the Complaint, Parsons met with Plaintiff and pitched him on the new Opulous NFT platform on May 25, 2021.  (Complaint ¶ 33).  As both a participant in the meeting and the Opulous CEO, Parsons knew that no deal or agreement had been reached with Plaintiff.  (*Id.* ¶ 34).

    Despite this knowledge, Parsons made various social media posts that clearly endorsed a representation that Plaintiff was involved with the launch of the new Opulous platform.  Just days after the meeting, Parsons made the following posts from his personal account:



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-00587-MWF (MARx) | Date:  August 3, 2022 |
| Title:    Miles Park McCollum v. Opulous et al | |



In each of the posts, Plaintiff's name and image are prominently featured, and Plaintiff is falsely represented as a participant in the launch of the new platform. Because this case is based on Defendants' misappropriation of Plaintiff's trademark, this evidence is sufficient to find that Parsons was "actively and personally involved in the conduct giving rise to [Plaintiff's] claim[s]."  *Wyatt Technology Corp. v. Smithson*, No. CV 05–1309 WMB (RZx), 2005 WL 6132329, *6 (C.D. Cal. Aug. 30, 2005) (quoting *Balance Dynamics Corp. v. Schmitt Industries, Inc*., 204 F.3d 683, 698 (6th Cir. 2000).  Therefore, exercising jurisdiction over Defendant Parsons is proper.

Accordingly, the Motion is **DENIED** as to Defendant Parsons.

IT IS SO ORDERED.